United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Harvey Zitron, Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-60410-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | ) |

### Order on Motions for Reconsideration

On May 1, 2017, the Court entered an Order Adopting Magistrate Judge's Report and Recommendation, which denied Petitioner Harvey Zitron's motion to vacate his sentence and directed the Clerk to close this case (ECF No. 19). Zitron subsequently filed two motions for reconsideration, requesting that the Court: (1) reconsider its Order Adopting Magistrate Judge's Report and Recommendation (ECF No. 23); and (2) reconsider its Order affirming Judge White's denial of Zitron's request for production of documents (ECF No. 22). The Court will address each motion in turn.

1. **Motion for Reconsideration of Order Affirming Judge White's Report and Recommendation**

After the Court entered its Order Adopting Magistrate Judge's Report and Recommendation (ECF No. 19), Zitron's objections to the Report and Recommendation were docketed. (Obj.'s, ECF No. 20.) Zitron subsequently filed a motion for reconsideration asserting that his objections were timely filed when placed in the prison mailbox on April 17, 2017. (Mot. for Reconsideration at 2, ECF No. 23.) It appears that the delay in docketing Zitron's objections was due to the nature of sending mail while in the custody of the Bureau of Prisons. (*Id.*) Therefore, it is **ordered** that Zitron's Motion for Reconsideration (ECF No. 23) is **granted**, and the Court's Order Adopting Magistrate's Report and Recommendation (ECF No. 19) is **withdrawn**.

Having reconsidered Judge White's Report, Zitron's Objections, the record, and the relevant legal authorities, this Court finds Judge White's Report and Recommendation cogent and compelling. Zitron first objects to Judge White's failure to consider the "new evidence" that he offered in his memorandum in support of the motion to vacate sentence, asserting that Judge White viewed the evidence "with an eye toward blocking its introduction." (Obj.'s at 1-3.) The Court has reviewed the evidence, which consists of an affidavit from Zitron's son, Jordan Zitron, and an excerpt from

the transcript of Zitron's sentencing hearing. (Mem. at 38-40, ECF No. 4.) As Judge White noted in the Report, relief under § 2255 is available for transgressions of constitutional rights and for "that narrow compass of other injury that . . . would . . . result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (internal quotations and citations omitted). In order to show a complete miscarriage of justice, the petitioner must show that the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Zitron was convicted for, among other things, using Jordan Zitron's name and social security number to obtain credit cards without his permission. *U.S. v. Zitron*, 810 F.3d 1253, 1257 (11th Cir. 2016). As Zitron himself notes, the Eleventh Circuit held that the evidence adduced at trial was sufficient to establish that Zitron acted without lawful authority in using credit cards that he opened in Jordan Zitron's name. (Mem. at 35.) The Eleventh Circuit noted that the Government established that Zitron acted without lawful authority in part through Jordan Zitron's testimony that Zitron did not have permission to use his identity. *U.S. v. Zitron*, 810 F.3d at 1260. Zitron asserts that the affidavit that he has provided from Jordan Zitron demonstrates that he is innocent of identity theft. (Obj.'s at 12.) However, the affidavit specifically states that Jordan Zitron was not aware that Zitron had obtained credit cards in Jordan Zitron's name, and thus is consistent with his testimony at trial. (Mem. at 38.) The excerpt from the sentencing hearing similarly does not establish Zitron's innocence. (*Id.* at 40.) Therefore, the "new evidence" provided by Zitron is insufficient to undermine the Court's confidence in the outcome of the trial and does not establish that Zitron is entitled to relief.

Zitron next raises several objections to Judge White's findings concerning his ineffective assistance of counsel claims. (Obj.'s at 5-12.) Zitron's objections largely restate the arguments made in his petition. Although Zitron identified several specific ways in which he believed his counsel's performance was deficient, the review of an attorney's performance does not center around what "is possible or what is prudent or appropriate but only [on] what is constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*). As Judge White noted, the standard is not whether a reasonable attorney would have acted differently, but rather whether the attorney's actions fell below an objective standard of reasonableness. (Report at 11 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).) Zitron has simply failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness. In addition, Judge White correctly found that Zitron failed to show that there is a reasonable probability that the

outcome of the trial would have been different but for his trial counsel's alleged errors. *See Strickland*, 466 U.S. at 694. Accordingly, the Court reaffirms and readopts Judge White's Report and Recommendation (ECF No. 18.)

### 2. Motion for Reconsideration of Order Affirming Judge White's Order Denying Request for Production of Documents

During the course of the proceedings in front of Judge White, Zitron filed a Request for Production of Documents, requesting copies of several exhibits from his trial (ECF No. 13). Judge White issued a paperless order denying Zitron's request for production of documents (ECF No. 14). Zitron objected to Judge White's decision on the basis that the order was "unaccompanied by reasons," and was issued in the form of an order rather than a recommendation. (Obj.'s at 1-2, ECF No. 15). The Court affirmed Judge White's Order, noting that since the order concerned a non-dispositive matter, it was appropriate for Judge White to enter an order rather than a recommendation (ECF No. 17). On April 23, 2017, Zitron filed a motion for reconsideration (ECF No. 22).

Zitron argues that 28 U.S.C. § 2250 requires the Clerk of the Court to provide a petitioner, without cost, copies of documents that are part of the record. (Mot. at 1.) However, § 2250 applies to petitioners that have been granted leave to proceed *in forma pauperis*. Zitron did not move for leave to proceed *in forma pauperis*; therefore, the statute is inapplicable. Zitron also argues that a "post-conviction remedy § 2255 for production of documents (discovery) request, does not constitute a pre-trial, non-dispositive matter . . . ." (Mot. at 4-5.) Zitron asserts that his discovery request constituted a dispositive, post-conviction matter and that Judge White therefore improperly issued an order rather than a recommendation. (*Id.* at 5.) Although Zitron is correct that his Motion to Vacate, Set Aside, or Correct Sentence is a post-conviction remedy, his request for production of documents was "pretrial" in the sense that it was prior to any trial or evidentiary hearing in *this* proceeding. Pursuant to 28 U.S.C. § 636(b)(1)(B), Judge White was authorized to enter an order on Zitron's request for production of documents and, pursuant to § 636(b)(1)(A), this Court was only required to review Judge White's order for clear error.

However, even if the Court were to conduct a *de novo* review of Zitron's request for production of documents, it would affirm Judge White's denial of the request. Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts 6(a), a court may authorize discovery by a petitioner for good cause. *See also Deverso v. U.S.*, No. 2:09-660, 2011 WL 550205, at *21 (M.D. Fla. Feb. 9, 2011). With respect to § 2254 proceedings, which have the same standard for discovery as § 2255 proceedings, the

Supreme Court has held that discovery should be permitted "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The Eleventh Circuit has further explained that "good cause for discovery cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310 (11th Cir. 2006) (per curiam) (holding that it was insufficient for a petitioner to allege that "'DNA testing could demonstrate that the same person who raped [the victim] also physically assaulted her, that this person's blood was on her blouse, that his hair was found in the [victim's] residence, that he was in [the victim's] 1981 Buick Rivera, and that this person was not [the petitioner].").

Zitron's Request for Production of Documents explained that he believed that a handwriting expert could use the trial exhibits to conduct an analysis of Charles Schnabel's handwriting, which would "undermine the notion that Schnabel had signed all of the checks written to Schnabel's alter ego, Charles Sohrabel." (Request for Production at 1-2.) This explanation is founded on speculation. Moreover, even if a handwriting expert opined that Charles Schnabel had not signed the checks written to Schnabel's alter ego, Zitron has failed to explain how such a finding would undermine his convictions for filing false tax returns, using unauthorized credit cards, and identity theft relating to the use of unauthorized credit cards. As the Eleventh Circuit noted, the evidence at trial showed that Cynthia Gentner cashed many of the checks written to Sohrabel on Schnabel's behalf. *See U.S. v. Zitron*, 810 F.3d at 1256-57. Gentner then gave the cash to Zitron, who failed to report it on his income tax filings. *Id.* at 1257. Zitron has not explained, and the Court is unable to infer, how a finding that Sohrabel did not personally sign the checks would demonstrate that Zitron did not file false tax returns.

Therefore, Zitron did not show good cause for his discovery request because his explanation for the request was founded on speculation and he failed to sufficiently explain how the handwriting expert would demonstrate that he is entitled to relief.

### 3. Conclusion

Accordingly, it is **ordered** that Zitron's motion for reconsideration of the Court's Order Adopting Magistrate Judge's Report and Recommendation (ECF No. 23) is **granted**, and the Court's Order Adopting Magistrate's Report and Recommendation (ECF No. 19) is **withdrawn**. However, the Court **reaffirms and readopts** Judge White's Report and Recommendation (ECF No. 18). Zitron's motion to vacate sentence (ECF No. 1) is **denied**. The Court does not

issue a certificate of appealability. In addition, the Court **denies** the motion for reconsideration of the Order affirming Judge White's denial of Zitron's Request for Production of Documents (ECF No. 22). The Clerk shall **close** this case.

**Done and ordered**, at Miami, Florida, on June 7, 2017.

Robert N. Scola, Jr.
United States District Judge